FILED
NOVEMBER 16, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No._____ |
| CITY OF KANKAKEE, KANKAKEE POLICE DEPARTMENT, and DEANN REGAS, | ) ) ) |
| Defendants. | ) ) |

**07 C 6516**

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE MASON**

### COMPLAINT

**NOW COMES** the Plaintiff, DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a minor, by and through her attorneys, the LAW OFFICES OF BRUCE M. BOZICH, and complaining of the Defendants, CITY OF KANKAKEE, KANKAKEE POLICE DEPARTMENT, and DEANN REGAS, states as follows:

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1)(2)(3)(4) and statutory and Constitutional provisions.

2. Plaintiff, DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a minor, is a citizen of the United States and a resident of the State of Illinois.

3. At all relevant times, Defendant DEANN REGAS, was a police officer of the Police Department of the City of Kankakee, and at all times mentioned, was acting in such capacity as the agent, servant, and employee of the Defendant KANKAKEE POLICE DEPARTMENT. She is sued individually and in her official capacity.

4. The Defendants CITY OF KANKAKEE and KANKAKEE POLICE DEPARTMENT are municipal corporations in the State of Illinois and at all relevant times hereto, employed the Defendant Officer DEANN REGAS.

5. At all relevant times hereto, Defendant Officer REGAS was acting under color of law and pursuant to the authority as a police officer and police official.

## COUNT I

6. On November 26, 2006, at or about 1:30 p.m., Officer REGAS was dispatched to and arrived at the scene at Walnut and Washington in the City of Kankakee, where the minor, LETICIA MOLINA ("minor Plaintiff") was present.

7. While at the aforementioned location, Defendant Officer REGAS assaulted, battered and brutally beat the minor Plaintiff, and did then and there commit a battery on the minor Plaintiff.

8. As a result of the assault and battery by Defendant Officer REGAS, minor Plaintiff suffered bruises and lacerations to her face and head.

9. Minor Plaintiff was subsequently transported to St. Mary's Hospital in Kankakee, Illinois for treatment of her injuries.

10. Minor Plaintiff has not been formally arraigned or charged with any offenses at the present time.

11. Defendant Officer REGAS battered minor Plaintiff without just and legal cause, thereby violating her rights under the laws of the Constitution of the United States, in particular the Fifth and Fourteenth Amendments, and her right under the Constitution of the State of Illinois.

12. In battering minor Plaintiff, Officer REGAS violated the rules and regulations of the Kankakee Police Department regarding the use of excessive force.

13. As a direct and proximate result of the above-described unlawful and malicious acts of Defendant Officer REGAS, all committed under color of her authority as a Kankakee Police Officer, and while acting in that capacity, minor Plaintiff suffered grievous bodily harm and extreme pain, all of which is in violation of her rights under the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. § 1983.

14. Minor Plaintiff was the victim of punishment administered in a grossly disproportionate manner to whatever minor Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived her of the right to due process of law under the laws and constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments. The battering of minor Plaintiff was unwarranted, cruel, unjustifiable and excessive.

15. As a further result of the above-described acts, minor Plaintiff was deprived of rights and immunities provided to her under the Constitution and Laws of the United States and of the State of Illinois including, but not limited to, her rights under the Fourteenth Amendment to be secure in her person, to be free from punishment without due process, and to the equal protection of the laws.

16. The failure of the Defendant, City of KANKAKEE POLICE DEPARTMENT, to provide training and supervision regarding the lawful use of force by an officer amounts to gross negligence and a deliberate indifference to the safety and lives of the citizens of the City of Kankakee. This gross negligence was a proximate cause of the injuries of minor Plaintiff.

17. Defendants CITY OF KANKAKEE and KANKAKEE POLICE DEPARTMENT are directly liable and responsible for the acts of Defendant, DEANN REGAS, because they knowingly failed to enforce the laws of the State of Illinois, and the regulations of the KANKAKEE POLICE DEPARTMENT pertaining to the use of force by the CITY OF KANKAKEE Police Officers, thereby creating within the KANKAKEE POLICE DEPARTMENT an atmosphere of lawlessness, in which police officers employ excessive and illegal force and violence, in the belief that such acts will be condoned and justified by their superiors.

**WHEREFORE,** Plaintiff, DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a mior, prays for judgment against the Defendants, and each of them, as follows:

1. Compensatory damages to Plaintiff in the amount of $500,000.00.
2. Punitive damages against Defendant DEANN REGAS, in the amount of $500,000.00.
3. Awarding Plaintiff the reasonable costs, attorney fees, and expenses of this action.
4. Such other and further relief as may be just.

## COUNT II

1-17. Plaintiff, DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a minor, hereby restates, realleges and incorporates by reference Paragraphs 1 through 17 inclusive of Count I of the Complaint as paragraphs 1 through 17 inclusive of this Count II as if fully set forth herein.

18. At all relevant times, Defendant DEANN REGAS, as a police officer of the City of Kankakee Police Department, was acting under the direction and control of Defendant, CITY OF KANKAKEE.

19. Acting under color of law and pursuant to official policy or custom, Defendant CITY OF KANKAKEE knowingly, recklessly, or with deliberate indifference and callous disregard of minor Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant Police Officer REGAS in her duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of a detention, whether the detention was lawful or unlawful; (3) conspiring to violate the rights, privileges and immunities guaranteed to minor Plaintiff by the Constitution and laws of the United States and the laws of the State of Illinois; and (4) otherwise depriving minor Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

20. Defendant CITY OF KANKAKEE had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant CITY OF KANKAKEE had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of minor Plaintiff's rights failed or refused to do so.

21. Defendant CITY OF KANKAKEE directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Officer REGAS as heretofore described.

22. As a direct and proximate cause of the acts of Defendant CITY OF KANKAKEE as set forth herein, minor Plaintiff suffered physical injuries, medical expenses, and severe mental and emotional anguish and distress in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff DONNA MOLINA, as mother and next friend of LETICIA MOLINA, a minor, demands judgment against Defendant CITY OF KANKAKEE jointly and severally, for compensatory damages in the amount of $1,000,000.00, and further demands judgment against Defendant DEANN REGAS for punitive damages in the amount of $500,000.00, plus her costs, attorney fees and expenses of this action, and any such other relief this Court deems just and equitable.

_____
One of the Attorneys for Plaintiff

**LAW OFFICES OF BRUCE M. BOZICH**
11800 South 75th Avenue
Palos Heights, IL 60463
(708) 923-6000